UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MELVIN C. LEWIS,

                              Plaintiff,                 5:04-CV-1452
                                                               (GLS)(GJD)
      v.

SCOTT DONAHUE, Police Officer; BARRY ANGEL, Police
Detective; JOANNE ROSE PARRY, Chief Assistant District
Attorney; MARTIN E. SMITH, Broome County Court Judge,

                              Defendants.
_____
APPEARANCES:

MELVIN C. LEWIS
Plaintiff, *pro se*
00-B-1401
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

GARY L. SHARPE, DISTRICT JUDGE

## ORDER

**I.    Background.**

By Decision and Order dated December 22, 2004 ("December Order") the civil rights complaint filed by Melvin C. Lewis was dismissed pursuant to 28 U.S.C. § 1915(e).  Dkt. No. 6.  By such Order, the Court determined that Lewis's claims against the defendants, resulting from alleged violations of his constitutional rights in the course of certain criminal proceedings against him, were not cognizable under 42 U.S.C. § 1983 ("Section 1983") because it appeared that Lewis was only seeking to alter the fact or duration of his custody. Dkt. No. 4.

Presently before the Court is a motion from Lewis seeking reconsideration of this Court's December Order.   Dkt. Nos. 6, 8.

**II.     Discussion.**

      A.     Motion for Reconsideration.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

By his motion for reconsideration, Lewis contends that the Court's December Decision and Order was erroneous and contrary to law. Dkt. No. 6, 8. Lewis clarifies that by this lawsuit he is not seeking immediate or speedier release from prison, but rather seeks only monetary damages and a probable cause hearing. Dkt. No. 6 at 1. Lewis asserts that, because he is not seeking release from prison, he may pursue under Section 1983 his claim that he was improperly denied a probable cause hearing. *Id.*

"When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477 (1994). Lewis has not alleged that his conviction or sentence has been invalidated.[1] However, the Court is unable to determine at this time, and without the benefit of a response, whether a favorable determination on Lewis's claim would undermine

---

[1] Lewis currently has a habeas corpus proceeding pending in this Court related to the arrest and conviction at issue in this action. *See Lewis v. Poole*, 9:02-CV-0987 (LEK)(DRH).

2

the validity of his conviction and thus whether Lewis's complaint should be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477.

Accordingly, upon review of the entire file, including Lewis's motion, the Court finds that Lewis has established that the December 22, 2004 judgment should be vacated, and that Lewis may proceed with this action.[2]

B.   Defendants Joanne Rose Parry and Martin E. Smith

Lewis also contends that the Court erred when it determined that defendants Joanne Rose Parry and Martin E. Smith are absolutely immune from this lawsuit. While Lewis's arguments in support of this contention are somewhat confusing, it appears that Lewis is asserting that defendants Parry and Smith are not immune from this lawsuit because their conduct was motivated by "evil intent" and demonstrated "reckless or callous indifference to Federally protection [sic] rights of others." Dkt. No. 6 at 19.

Lewis's arguments are unavailing. The immunity of judges is not affected by the motives with which their judicial acts are performed. *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985), (citing *Bradley v. Fisher*, 80 U.S. 335 (1872)). Additionally, prosecutors are absolutely immune from liability under § 1983 in matters involving the prosecution of individuals, regardless of motive. *See Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (holding that, regardless of prosecutors' motives, "absolute immunity shields them from suit pursuant to § 1983 for their alleged malicious or selective prosecution of plaintiffs, as well as for any misconduct in the

---

[2] The Court takes no position at this time regarding the merits of Lewis's claims.

3

presentation of evidence to the grand juries").

Accordingly, because defendants "Joanne Rose Parry" and "Martin E. Smith" are absolutely immune from this lawsuit, they are hereby dismissed from this action with prejudice.

**III.     *In Forma Pauperis* Application.**

Lewis submitted an *in forma pauperis* application and inmate authorization form with his complaint. Dkt. Nos. 2, 3. By the December Order, the Court found that Lewis had established sufficient economic need to commence this action *in forma pauperis*. Dkt. No. 4 at 1. However, by that Order, because the Court dismissed Lewis's complaint, Lewis's *in forma pauperis* application was denied as moot. *Id.* at 4.

Because Lewis's motion for reconsideration is herein granted and Lewis is permitted to proceed with this action, the Court has again reviewed Lewis's *in forma pauperis* application. After reviewing the entire file herein, the Court finds that Lewis's *in forma pauperis* application may be granted.

**IV.     Request for Recusal.**

The Court notes that Lewis requests that the undersigned recuse myself from this proceeding. A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." *In re International Business Machines Corp.*, 45 F.3d 641, 643 (2nd Cir. 1995) (citation omitted). "[T]he test to be applied is an objective one which assumes that a reasonable person knows and understands all the relevant facts." *Id*. (citing *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir.1988) *cert. denied*, 490 U.S. 1102 (1989)). Recusal is not required, however, when the alleged interest or bias on the part of the judge is "not direct, but is remote, contingent, or

4

speculative." *United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998) (internal quotation marks omitted); see also *United States v. Thompson*, 76 F.3d 442, 451 (2d Cir. 1996).

In his letter brief in support of his motion for reconsideration, Lewis requests that the undersigned "recusal [sic] himself from presiding and ruling upon plaintiff's claim due to his political and social connections with the Broome County District Attorney office, the place of his two sons employment. [sic] and his personal assiocation [sic] with the Broome County Court Judge Martin E. Smith." Dkt. No. 8 at 10. Lewis further asserts that, in the December Order, the undersigned "has altered plaintiff's claim to interpret it the way he sees fit to do so." *Id.* at 11.

The Court has thoroughly considered Lewis's application for recusal and finds Lewis has not established that the undersigned's impartiality might reasonably be questioned in this proceeding in that Lewis asserts only remote and speculative interests on the part of the undersigned. Moreover, Lewis's claims of bias largely relate to the undersigned's purported connection to the Broome County District Attorney's Office and Broome County Court Judge Martin E. Smith. Since Joanne Rose Parry – the only defendant from the Broome County District Attorney's Office – and County Court Judge Martin E. Smith have been herein dismissed from this action, Lewis's arguments of judicial bias are largely moot. Additionally, as to Lewis's claims concerning the content of the December Order, the Supreme Court has found that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994) (citation omitted). Accordingly, Lewis's request for recusal is hereby denied.

**V.     Conclusion.**

WHEREFORE, it is hereby

5

ORDERED, that Lewis's motion for reconsideration (Dkt. No. 6) is granted, and it is further

ORDERED, that the judgment entered herein on December 22, 2004 (Dkt. No. 5) is vacated. The Clerk is directed to reopen this action and restore same to this Court's docket, and it is further

ORDERED, that defendants "Joanne Rose Parry" and "Martin E. Smith" are dismissed from this action with prejudice, and it is further

ORDERED, that Lewis's request for recusal is denied, and it is further

ORDERED, that Lewis's *in forma pauperis* application is granted.[3]  The Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the named defendants, together with a copy of this Order; and it is further

ORDERED, that the Clerk shall provide the Superintendent of the facility designated by Lewis as his current location with a copy of Lewis's authorization form, and notify the official that this action has been filed and that Lewis is required to pay the entire statutory filing fee of $150.00 pursuant to 28 U.S.C. § 1915, and it is further

ORDERED, that the Clerk provide a copy of Lewis's authorization form to the Financial Deputy of the Clerk's Office, and it is further

ORDERED, that a response to Lewis's complaint be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on

---

[3] Lewis should note that although the application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

6

the defendants; and it is further

ORDERED, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing.**  Lewis must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **Lewis is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

ORDERED, that the Clerk serve a copy of this Order on Lewis by regular mail.
IT IS SO ORDERED.


Dated:    May 24, 2005
          Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

7