UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Melvin C. Lewis ,

        Plaintiff,

   v.           3:04-cv-01452

Scott Donahue, et all,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I. INTRODUCTION**

Plaintiff Melvin Lewis commenced the instant action pursuant to 42 U.S.C. § 1983 claiming that he was arrested without probable cause, falsely imprisoned, and maliciously prosecuted. Presently before the Court is Plaintiff's motion for summary judgment pursuant to FED. R. CIV. P. 56.

**II. FACTS**

On October 16, 1999, a CVS store in Binghamton, New York reported an armed robbery. The suspect was described as a black male with a moustache who was wearing a black hat and a saddle or flannel jacket. Moments later, the police received a call that someone had reported that a black male with a moustache and wearing a hooded sweatshirt and riding a bicycle had displayed a handgun. This was alleged to have occurred in close proximity to the CVS store that was robbed. Within a short period of time, the police located

a bicycle and a black male with a moustache wearing a black hooded sweatshirt, which turned out to be Plaintiff.  The police then located a handgun and cash.  The caller subsequently identified Plaintiff as the one who displayed the handgun.  Upon observing Plaintiff, the persons at the CVS store also reported that they believed Plaintiff to be the person that robbed the store, except that he no longer had a flannel jacket on.

In July 2000, Plaintiff was convicted of the crimes of robbery in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.  See People v. Lewis, 287 A.D.2d 888 (3d Dep't 2001).  Plaintiff appealed his conviction, which was affirmed.  Id.  The New York Court of Appeals denied Plaintiff's application for leave to appeal to that Court.  See People v. Lewis, 97 N.Y.2d 684 (2001).

In the instant complaint, Petitioner alleges that he was falsely arrest, falsely imprisoned and maliciously prosecution.

## III.     DISCUSSION

### A. Plaintiff's Motion for Summary Judgement

Plaintiff moves for summary judgment.  Plaintiff's motion for summary judgement must be denied for failure to comply with Northern District of New York Local Rule 7.1 (a) (3). That Rule requires that:

> Any motion for summary judgment shall contain a Statement of Material Facts.  The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue.  Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorney's affidavits. Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion.

Plaintiff's submission does not set out each material fact in a separate and numbered paragraph and thus fails to conform to Local Rule 7.1(a)(3).

### B. 28 U.S.C. § 1915 (e) (2)

Upon further review of the record in this case, the Court finds that Plaintiff's Complaint must be dismissed.  The Court has the authority to dismiss complaints sua sponte in which the plaintiff has failed to state a claim or if the action is frivolous. 28 U.S.C. § 1915 (e) (2); see Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). A complaint is frivolous if it lacks arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  As will be explained below, Plaintiff's claims lack an arguable basis in fact and law.

The Supreme Court has established that "even a prisoner who has fully exhausted available state remedies has no cause of action under §1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 489 (1994).  To recover damages for an unconstitutional conviction or imprisonment under 42 U.S.C. §1983, Plaintiff must prove that the conviction or sentence has been modified in one of the above mentioned ways. As a corollary to this holding, Heck established that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

A judgement upholding Plaintiff's claim of false arrest and false imprisonment or malicious prosecution would imply the invalidity of his conviction. See id. at 485-87; Subgidio v. Graiani, 2006 WL 648229 (S.D.N.Y.); Powers v. Sickler, 1995 WL 146272 (N.D.N.Y.). Because neither Plaintiff's conviction nor his sentence has been invalidated and because a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction, the Court must dismiss his claims. Heck v. Humphrey, 512 U.S. at 487.

### D. False Arrest

Assuming, *arguendo*, that Heck is not a bar to this action, the Complaint must, nevertheless, be dismissed. In support of his allegations of false arrest and false imprisonment, Petitioner claims that he was arrested without probable cause. The issue of probable cause was addressed and rejected by the New York Supreme Court, Appellate Division. That court expressly held that "[i]n our view, the record evidence demonstrates that the descriptive information and physical evidence possessed by the police were sufficient to support a reasonable belief that defendant was the perpetrator." People v. Lewis, 287 A.D.2d 888 (3d Dep't, 2001) (citations omitted). Under 28 U.S.C. § 1738, this Court must give the same preclusive effect to the state court judgment as would be given to the judgment under the law of the State in which the judgment was rendered. Johnson v. Watkins, 101 F.3d 792 (2d Cir. 1996). New York State law provides that "collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party whether or not the tribunals or causes of action are the same." Sullivan v. Gagnier, 225 F.3d 161, 165-66 (2d Cir.

2000) (quotations omitted) (citing, Ryan v. New York Tel. Co., 62 N.Y.2d 494 (1984)); See also, S.T. Grand, Inc. v. City of New York, 32 N.Y.2d 300, 304-05 (1973). Thus, Petitioner may not now relitigate the question of probable cause.

In any event, the Court finds that Plaintiff's allegations are without merit. Considering the totality of the circumstances surrounding Plaintiff's arrest, including the accurate descriptions given to the police of the perpetrator by both the caller and the CVS employee, the proximate location to the crime at which Plaintiff was found, and the physical evidence found in Plaintiff's possession, including a handgun and a black knit cap, the police had ample reason to believe Plaintiff had committed the robbery and, thus, had probable cause to arrest him.

### E. Malicious Prosecution

Plaintiff's claim of malicious prosecution also must fail. To establish malicious prosecution, Plaintiff must prove four elements. "First, the plaintiff must prove that the defendant initiated a criminal proceeding. Second, the proceeding must have been terminated favorably to the plaintiff. Third, the plaintiff must prove that there was no probable cause for the criminal charge. Finally, the defendant must have acted maliciously." Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004). For this claim to succeed, Plaintiff must demonstrate that the underlying criminal proceedings terminated in his favor. See also Heck v. Humphrey, 512 U.S. at 484 (holding that "one element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). Because Plaintiff continues to serve

his sentence for the underlying crimes, it is patently clear that the underlying criminal proceedings did not terminate in his favor, and he has thus failed to meet this burden.

## IV. CONCLUSION

Based upon the foregoing, the plaintiff's motions for summary judgment (Dkt. No. 43) and for a default judgment (Dkt. No. 52) are DENIED.  The Court is aware that Plaintiff has filed a motion to file an amended complaint.  Inasmuch as the proposed amended complaint only seeks to add additional defendants and does not alter the legal conclusions reached above, the motion to amend the Complaint (Dkt. No. 36) is DENIED as futile.  For the reasons discussed, the Complaint is DISMISSED.  The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated: June 6, 2006

Thomas J. McAvoy
Senior, U.S. District Judge