UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MELVIN LEWIS,

      v.                                                 04-cv-1452

SCOTT DONAHUE, et al,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Melvin Lewis commenced the instant action pursuant to 42 U.S.C. § 1983 claiming that he was arrested without probable cause, falsely imprisoned, and maliciously prosecuted. By Decision & Order dated June 6, 2006, the Court denied Plaintiff's motion for summary judgment and, pursuant to 28 U.S.C. § 1915, *sua sponte* dismissed the Complaint. Plaintiff appealed the decision of this Court. Presently before the Court is Plaintiff's motion pursuant to FED. R. CIV. P. 60.

One of the bases for dismissing Plaintiff's claims is that the New York State Supreme Court, Appellate Division upheld a finding that he was arrested with probable cause. Plaintiff now claims that the Appellate Division's holding is based upon mistaken facts, which mistaken facts were adopted by this Court. Plaintiff further attacks the state court criminal proceedings and contends that this Court erroneously adhered to the state court proceedings.

Rule 60 is not a proper avenue by which to challenge the holding of the Appellate Division or the state court proceedings. Nothing in Plaintiff's submissions rises to the level of mistake, inadvertance, or fraud *in this Court* sufficient to warrant the granting of a Rule 60 motion. While Plaintiff may disagree with the result of his state court criminal conviction, it is now a final conviction. As discussed in the prior Decision & Order, Plaintiff's state conviction mandates the dismissal of his claims pursuant to § 1983 because: (1) allowing Plaintiff to proceed with his claims would violate the rule in Heck v. Humphrey, 512 U.S. 477 (1994); (2) the finding of probable cause in the state court precludes Plaintiff from arguing a lack of probable cause in this Court; and (3) Plaintiff was actually convicted and his conviction was not overturned, thereby precluding a malicious prosecution claim.

For the foregoing reasons, Plaintiff's motion pursuant to FED. R. CIV. P. 60 is DENIED.

IT IS SO ORDERED.

Dated:   December 18, 2006

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge